# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                     **Case No. 09-CR-155**

**JACOB COLLINS**
        **Defendant.**

---

## ORDER

On September 11, 2009, defendant Jacob Collins pleaded guilty to making false statements to a firearms dealer, contrary to 18 U.S.C. § 922(a)(6), and possession of a firearm as an unlawful drug user, contrary to 18 U.S.C. § 922(g)(3). The charges arose out of defendant's straw purchase of a firearm for a man named Julius Burton from Badger Guns. Burton later used the gun to shoot two Milwaukee police officers. On January 11, 2010, I sentenced defendant to 24 months in prison for his conduct. United States v. Collins, No. 09-CR-155, 2010 WL 183376 (E.D. Wis. Jan. 11, 2010). A state court sentenced Burton to a total of 80 years in prison for the shootings. See State v. Burton, 832 N.W.2d 611 (Wis. 2013).

On December 6, 2010, the two officers filed a civil suit in state court against Badger Guns and its owner, Adam Allan, alleging negligence (and other causes of action) in the sale of the firearm used against them. Norberg, et al. v. Badger Guns, Inc., et al., No. 2010-CV-20655 (Milw. Co. Cir. Ct.). On June 17, 2013, Allan filed in this court a motion to intervene in defendant's criminal case to obtain an order unsealing a psychological report authored by Dr.

Sheryl Dolezal, which defendant submitted prior to his sentencing hearing.[1] Allan argued that Fed. R. Civ. P. 24(b) afforded him a right to intervention, and that he had a particularized and compelling need for Dr. Dolezal's report because it constituted the only evidence reflecting the depth of defendant's reading comprehension problems and the difficulty he had completing forms. In filling out the forms related to the firearm purchase, defendant initially indicated that he was not the actual buyer before changing his answer to the affirmative. Allan stated that the plaintiffs in the civil case intend to present expert testimony that defendant changed the answer because he was nervous about the criminal act he was committing, not because he did not understand the question. Allan indicated that Dr. Dolezal's report (portions of which I referenced in my sentencing memorandum) would tend to show that defendant changed the answer due to a mistake attributable to his reading comprehension problem.[2]

Defendant, through counsel, opposed the motion, and I permitted Allan to file a reply setting forth authority for his intervention in this criminal case. I now deny Allan's motion to intervene.

There is no provision in the Federal Rules of Criminal Procedure for intervention by a third party in a criminal proceeding. United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007). Allan relies on Rule 24 of the Federal Rules of Civil Procedure, but that Rule does not apply in a criminal case. Id. The general rule in American jurisprudence is that private citizens lack a judicially cognizable interest in the prosecution of another. See, e.g., Linda R.S. v.

---

[1] I permitted the report to be filed under seal pursuant to General Local Rule 79(d) (E.D. Wis.).

[2] In the sentencing memorandum, I noted that Dr. Dolezal's testing revealed an IQ of 62, which placed defendant in the mildly retarded range. His reading and cognition levels were at the beginning first grade level. Collins, 2010 WL 183376, at *9.

2

Richard D., 410 U.S. 614, 619 1973).  Even crime victims, who enjoy various statutory rights of participation, have no right to intervene in the district court in a criminal case.  United States v. Laraneta, 700 F.3d 983, 985-86 (7th Cir. 2012).

The Seventh Circuit has permitted press organizations to intervene in criminal cases in order to vindicate the First Amendment right to access court proceedings and documents.  See, e.g., In re Associated Press, 162 F.3d 503 (7th Cir. 1998).  Allan contends that he seeks to intervene in this case both as a member of the public with an interest in open access to court records and as a private party in a related lawsuit whose rights have been impacted by what he sees as the improper sealing of Dr. Dolezal's report.  However, Allan provides no authority for permitting a private party to intervene in the manner and for the purpose he suggests.  Instead, he cites cases holding that private third parties may intervene in pending criminal cases to challenge the production of subpoenaed documents on the ground of privilege. United States v. Cuthbertson, 651 F.2d 189, 193 (3d Cir. 1981); United States v. Bergonzi, 216 F.R.D. 487, 492 (N.D. Cal. 2003).[3]  Allan contends that a third party's interest in protecting privileged documents from disclosure in a criminal proceeding is no more worthy of recognition than an individual's interest in obtaining publicly-filed court records for use as evidence in a factually related civil proceeding.  In both situations, he argues, actions taken in the criminal proceeding have or may affect third party rights under state law, and recognition of a third party's right to intervene for a limited purpose of obtaining publicly-filed court records is

---

[3]The third case Allan cites is inapposite. In Harrelson v. United States, 967 F. Supp. 909 (W.D. Tex. 1997), the court held that a § 2255 petitioner's former counsel could not intervene in a § 2255 case in which the petitioner alleged ineffective assistance of counsel. The court relied on the general rule that private parties generally lack standing to participate in a criminal prosecution, id. at 911, and the absence of any Rule of Criminal Procedure allowing intervention, id. at 912.

3

justified.

However, Allan ignores the difference between <u>defensive</u> intervention to prevent the disclosure of confidential information, as allowed in the cases he cites, and <u>offensive</u> intervention for the purpose of obtaining discovery for use in a civil case, which is what he seeks. In the former situation, either the government or the defense has sought to compel a third party to produce for use in the criminal case material the third party regards as privileged; under those circumstances, the third party must be allowed to intervene or else lose forever the ability to prevent publication; absent intervention and a ruling by the court, the documents will be produced and used in a public proceeding; the party has no other means of vindicating its interest in secrecy. In the latter situation, conversely, neither the government nor the defense has sought to involve the third party in the criminal case, and the third party may seek to obtain the information through other means, e.g., resort to state law or other process afforded by the court in the civil case; denial of intervention need not leave the third party without a remedy.[4]

In <u>United States v. Carmichael</u>, 342 F. Supp. 2d 1070 (M.D. Ala. 2004), the court provided a helpful summary of the possible bases for intervention in criminal cases. In that case, the defendant set up a website displaying photographs of agents and informants involved in his drug conspiracy case. <u>Id.</u> at 1071. One of the agents moved to intervene to obtain an

---

[4] Allan notes that Dr. Dolezal has refused to produce the report or appear for a deposition in the civil case absent a release from defendant or a court order. However, Allan does not indicate whether he has sought an order from the judge in the civil case directing turnover. Allan also states that defendant has never appeared in the civil case, his whereabouts are unknown, and his testimony may never be available to the parties in the civil suit. I note that the United States Marshal Service served defendant with a summons on June 17, 2013 (R. 39), and he appeared in this court on July 15, 2013 (R. 45).

4

order that the defendant remove the agent's photograph from the website. Id. at 1072. The court explained that:

> Intervention in criminal cases is generally limited to those instances in which a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case. For example, courts sometimes permit the press to intervene in a criminal case where a decision to close criminal proceedings to the public may affect its First Amendment rights. See, e.g., United States v. Hernandez, 124 F. Supp. 2d 698, 701 (S.D. Fla. 2000); United States v. Baez-Alcaino, 718 F. Supp. 1503 (M.D. Fla. 1989); United States v. Torres, 602 F. Supp. 1458, 1462 (N.D. Ill. 1985). In addition, third parties are occasionally allowed to intervene in a criminal trial to challenge a request for the production of documents on the ground of privilege, see, e.g., United States v. Bergonzi, 216 F.R.D. 487 (N.D. Cal. 2003); In Re Grand Jury Investigation No. 83-30557, 575 F. Supp. 777 (N.D. Ga. 1983), or to protect other rights implicated by a particular proceeding. See, e.g., Gravel v. United States, 408 U.S. 606 (1972) (noting that district court allowed Senator's motion to intervene to quash grand jury subpoenas of witnesses whose testimony implicated his privilege under the Speech or Debate Clause of the Constitution).

Id.

The court denied the agent's request, noting that, unlike other instances where courts had allowed third parties to intervene in a criminal case, the agent did not claim infringement of any interest conferred on him by any provision of the United States Constitution or any federal statute. While the agent would have benefitted from a court order in his favor, any interest he had in the website's removal was not based on a legal entitlement specifically belonging to him in the defendant's criminal case. Id. Rather, his motion to intervene constituted an effort to resolve what was essentially a private dispute based, if anything, on state law. Id. at 1072-73. While the court did not doubt the sincerity of the agent's claim that the defendant's website undermined his work and jeopardized his safety, this did not alter the fact that he moved to intervene in another person's federal criminal case. Id. at 1073. "There is no precedent to suggest that such intervention is appropriate to pursue a private dispute."

5

Id. The fact that the criminal case also involved the subject matter of the agent's collateral dispute with the defendant did not change the analysis. Id.

In the present case, as in Carmichael, Allan claims no infringement of any right conferred on him by federal constitutional or statutory law. His citation of state law regarding privilege is inapposite. And as in Carmichael, the fact that the civil case is factually related to the criminal case confers no right to intervention. Allan argues that, unlike in Carmichael, he does not seek to intervene to resolve a dispute with the criminal defendant. Jacob Collins is named as a defendant in the civil case, and Allan will presumably argue that Collins and Burton, not Badger and Allan, should bear responsibility for the officers' injuries. In any event, Carmichael did not hold that private, third parties may intervene so long as they do not seek orders directed at the criminal defendant.

**THEREFORE, IT IS ORDERED** that Allan's motion to intervene (R. 36) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge